Robert C. BANKS, Plaintiff(s)

v.

UNITED STATES of America,
Defendant(s)

No. 3:01CV7572.

United States District Court,
N.D. Ohio,
Western Division.

Jan. 2, 2002.

Robert C. Banks, Terre Haute, IN, pro se.

Thomas A. Karol, Office of the United States Attorney, Northern District of Ohio, Toledo, OH, for United States of America, Respondents.

### ORDER

CARR, District Judge.

This is a petition for post-conviction relief under 28 U.S.C. § 2255. For the reasons that follow, the petition will be denied.

Petitioner was charged in a one count information with having committed unarmed bank robbery. He waived indictment, entered a plea of guilty, and was sentenced to 188 months imprisonment.

Petitioner thereafter filed a direct appeal challenging his sentence and alleging ineffective assistance of counsel at sentencing. His lawyer filing an *Anders* brief and sought leave to withdraw. The Sixth Circuit affirmed the sentence and held that the lawyer had not engaged in deficient representation or caused prejudice to the petitioner.

Banks first claims that the information to which he entered his plea failed to state an offense because it did not allege that the deposits were insured by the Federal Deposit Insurance Corporation. The petitioner is wrong: the information specifically included that allegation.

Petitioner also alleges that the indictment, in addition to charging an offense under 18 U.S.C. § 2113(a), should as well have included reference to 18 U.S.C. § 2113(f). That section does not set forth an element of the offense of bank robbery; instead, it merely defines the term "bank" as used elsewhere in § 2113, including the subsection with which the petitioner was charged, § 2113(a). Failure to recite or refer to § 2113(f) did not affect the validity of the information or conviction.

Petitioner also seeks to assert and *Apprendi* claim. His claim must fail because he was not sentenced beyond the statutory maximum. Thus *Apprendi* is inapplicable.

To the extent that petitioner otherwise seeks to challenge the propriety of his sentence, his effort to do so is foreclosed by the Sixth Circuit's affirmance of his sentence on direct appeal.

Finally, his claim of ineffective assistance of counsel must be rejected because there is no merit to his claims that the information was deficient. There being no cognizable defect in the indictment, counsel's failure to have raised a futile claim cannot constitute inadequate representation.

The petitioner is not entitled to relief as to any of his claims.

I hereby certify that an appeal of this decision would be frivolous, and that the petitioner is not entitled to seek an appeal in forma pauperis.

In light of the foregoing, it is

ORDERED THAT the petition under 28 U.S.C. § 2255 be, and the same hereby is dismissed.

So ordered.